THE BOARD OF HEALTH OF THE CITY OF ASBURY PARK
v. THE NEW YORK AND LONG BRANCH RAILROAD
COMPANY.

Argued June 2, 1908—Decided November 17, 1908.

An action for the recovery of a penalty for the violation of an ordinance of the board of health of the city of Asbury Park is properly brought in the police justice court of Asbury Park in the name of the board of health.

On *certiorari.*

Before Justices GARRISON, SWAYZE and PARKER.

For the prosecutor, *Patterson & Rhome.*

For the defendant, *John S. Applegate & Son.*

The opinion of the court was delivered by

GARRISON, J.   The board of health of the city of Asbury Park, who is the prosecutor of this writ of *certiorari,* obtained a judgment in the police justice court of that city against the New York and Long Branch Railroad Company for a penalty for the violation of one of the ordinances of the said board. Upon an appeal to the Court of Common Pleas a trial was had in which a nonsuit was directed upon the ground that the action should have been in the name of the city of Asbury Park and not in the name of the board of health.  The propriety of this ruling is the sole question before us on this *certiorari.*

The nonsuit was ordered upon the ground that "An act relating to and providing for the government of cities of this state containing a population of less than twelve thousand inhabitants" (*Pamph. L.* 1897, *p.* 46), which had been adopted by the city of Asbury Park, established a city police court with jurisdiction over "enforcing and recovering any penalty for the violation of any ordinance, by-law or regulation of such city or

any board thereof," to which end it was empowered "to issue process at the suit of said city" (section 78). The court below, treating the provision last quoted as a part of the charter of the city of Asbury Park, and conceiving that the board of health of that city was "a board thereof" within the meaning of such charter, made the ruling that is now under review.

It is to say the least open to question whether the board of health established in the city of Asbury Park is "a board thereof" within the meaning of the statute that has been cited. The preposition "of" in this context may denote source, creation or authorship, or it may denote mere existence or possession, just as the expression "books of mine" may mean books of which I am the author or books belonging to me. The context in the present case would seem to indicate that the former of these meanings was intended rather than the latter, for the associated words of the clause all refer to matters that are in this former sense related to the city as their source or author. Boards of health on the contrary, though established in and by cities, trace their source and derive their authority and jurisdiction not from such city or its charter, general or special, but from the Board of Health act of 1887. *Gen. Stat.,* p. 1634. This act, which is a complete legislative scheme upon the subject, provides that there shall be a local board of health in every city, the powers, authority and procedure of which it minutely defines, leaving to such city merely the manner of appointment and the term of office of its members. With respect to the local boards thus required to be in every city the act provides that they may prescribe penalties for the violation of their ordinances and enforce them in the local or police court of such city which is "to issue process at the suit of any such board" (section 18). That a board of health, when established in any city by the appointment of members to fill such board, is in all essential particulars a creature of the Board of Health act would seem to be clear. Such was the view taken in the Court of Chancery in *Trenton Board of Health* v. *Hutchinson,* 12 *Stew. Eq.* 218, and such is the view that has been uniformly held by those upon whom the duty of administering the law in this respect has devolved. It is true that

the act of 1897 under which the city of Asbury Park is regulated was enacted under the Board of Health act of 1887, and that the act of 1897 by its twenty-second section authorizes the common council "to establish a board of health and define its powers and duties." But the case before us shows that all that the common council of the city of Asbury Park did in this regard was to adopt an ordinance organizing a board of health in said city in accordance with "An act to establish in this state boards of health," ordaining nothing with respect to the duties or procedure of such board. The provision of the statute of 1897 that process should issue in certain cases in the name of the city occurs not in relation to the establishment of the board of health but in an entirely different section defining the jurisdiction of police justices. If therefore the provision of the Board of Health act that process should issue at the suit of such board be supplanted or amended by the provision as to police justice courts contained in the act of 1897 such amendment has been brought about by legislation that makes no reference whatsoever to the act that is thus amended either by its title or otherwise; and it is contended that if it be unconstitutional to amend a law by reference to its title only it is clearly unconstitutional to amend such law without making any reference to it whatsoever. This contention, however, we have not considered, for the reason that there is a broader ground for holding that the provision as to process in police courts in the act respecting cities does not supplant or repeal the corresponding provision in the Board of Health act, and that is that if such force be given to such latter act its title is constitutionally inadequate in that no such object is expressed therein. The title to the act in question is "An act relating to and providing for the government of cities in this state containing a population of less than twelve thousand inhabitants." No one, I venture to say, upon reading this title would find expressed in it any purpose to repeal or in any other respect to alter the procedure established throughout the state by the Board of Health act, and unless such title in some way expresses such purpose, that is, unless such title is, as Chief Justice Beasley puts it, "something in

the way of being a notice of what is doing" (*Rader* v. *Union*, 10 *Vroom* 509), such title would not in a constitutional sense support the provision thus construed, whence it follows that such construction ought not or rather cannot be given to it. It may also by way of parenthesis be added that there is no conceivable reason that occurs to me for changing the provision as to the procedure of the Board of Health act as applied to cities of less than twelve thousand inhabitants that is not equally appropriate to cities having a larger population or to towns, boroughs or any of the local municipalities of the state to which the Board of Health act is made expressly applicable. The cases illustrating the force to be given to the constitutional requirement respecting titles to acts are referred to in *Griffith* v. *Trenton*, 47 *Id.* 23, and the familiar rule that an act can be amended or repealed only under an appropriate title is illustrated in *Evernham* v. *Hulit*, 16 *Id.* 53; *Jonas Glass Co.* v. *Ross*, 40 *Id.* 157; *Arzonico* v. *Board of Education*, 46 *Id.* 21, and many others that will be found collected in *Brad. Cit.* 61.

The view that the construction placed upon the charter act of Asbury Park by the court below ought not to be given to it is further supported by the consideration that since the passage of such act such effect has not in contemporaneous practice been given to it either by the officials charged with the duty of administering the Board of Health act or by the courts before which such actions have been brought. A partial list of cases cited from our reports in the very admirable brief of counsel for the prosecutor shows that from the time the act of 1897 was passed down to a very recent date the uniform practice of the bar and of the boards of health has been to bring actions for the violation of ordinances of such boards under the procedure laid down by the Board of Health act and not under the provisions as to the police courts of the various municipalities involved. *Morford* v. *Board of Health of Asbury Park*, 32 *Vroom* 386; *Board of Health of Glen Ridge* v. *Werner*, 38 *Id.* 103; *LaPorta* v. *Board of Health of Hoboken*, 42 *Id.* 88; *Blanke* v. *Board of Health of Hoboken*, 35 *Id.* 42; *Board of Health of Asbury Park* v. *Rosenthal*, 38 *Id.*

216; *Dodd* v. *State Board of Health, Id.* 463; *Board of Health of Woodbury* v. *Cattell,* 44 *Id.* 516.

In two of these cases it will be observed that the Charter act of the city of Asbury Park was as directly involved as it is in the case now before us.

In view therefore of the relation sustained by the prosecutor to the Board of Health act of the state, and in view of the lack of any proper relation between the title of the Charter act of Asbury Park and such Board of Health act, and in view of the uniform practice that has been pursued, we think that the construction placed by the court below upon the Charter act of 1897 was not sound and that the action was properly brought in the name of the board of health of Asbury Park.

The judgment of the Court of Common Pleas should therefore be reversed, and the judgment of the police justice court of the city of Asbury Park affirmed.